# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMON V. HOLLINS,

Plaintiff,

v.

AMAZON, LLC, AM CAIA, AM YEAGER, JOHN DOE, and JANE DOE,

Defendants.

Case No. 26-CV-1151-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff Emon V. Hollins ("Hollins"), proceeding pro se, sues Am Caia, Am Yeager, John Doe, and Jane Doe ("Individual Defendants"), and his former employer, Amazon, LLC ("Amazon"), under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA"), and state law. ECF No. 1. Hollins also moves for leave to proceed without prepaying the filing fee, also known as in forma pauperis. ECF No. 2. This Order screens Hollins's complaint and grants his motion to proceed in forma pauperis.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, known as a motion to proceed in forma pauperis.[1] "The federal *in forma pauperis* statute,

[1]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded on other, inapplicable grounds by* FED. R. APP. P. 24; *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies

28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion,

---

to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Hollins attests that he is unemployed and currently has no income. ECF No. 2 at 1–2. He is responsible for $320 in monthly support for one dependent. *Id.* at 1. He lists $58 in monthly expenses, and no assets. *Id.* at 3–4. He further attests that he is currently homeless. *Id.* at 4. Based upon these representations, the Court accepts that Hollins is indigent and cannot afford the filing fee. Because his allegations support claims sufficient to survive screening, the Court will grant his motion to proceed without prepaying the filing fee.

## 3. SCREENING THE COMPLAINT

### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke, 490 U.S. at 325); see also Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997) (quoting Neitzke, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." Kubiak v. City of Chi., 810 F.3d 476, 480 (7th Cir. 2016) (quoting EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." Kubiak, 810 F.3d at 480–81 (citing Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) (citing Ashcroft, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. Kelsay v. Milwaukee Area Tech. Coll., 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### 3.2 Plaintiff's Factual Allegations

Amazon hired Hollins in June 2025. ECF No. 1 at 1. Two months later, Hollins sustained an on-the-job injury to his right thigh, which he reported to "AMCare."[2] *Id.* at 2. Hollins asserts that this injury caused him to have a disability under the ADA. *Id.* Generally, Hollins alleges that Amazon failed to accommodate his disability, discriminated against him based on his disability, retaliated against him for requesting accommodations, and defamed him through false disciplinary reports. *Id.* at 2, 6.

Specifically, Hollins alleges that, after his injury, a doctor prescribed him "lite duty." *Id.* at 3. Hollins submitted medical documentation to AMCare; he alleges that John Doe failed to scan his documentation, and he was denied a "lite duty" accommodation. *Id.* Hollins alleges that "Doe Defendant[s] . . . retaliated against Hollins because he engaged in protected activity by requesting an accommodation, which he received[,] [o]nly for the Defendant[s] to not honor Hollins['s] lite duty restriction in full . . . ." *Id.*

Hollins further alleges that, in September or October 2025, John Doe refused to permit Hollins to work an extra hour. *Id.* at 3–4. Hollins alleges that this refusal was retaliation for Hollins's "engag[ing] in protected activities such as requesting his accommodation, reporting discrimination to HR, receiving an accommodation from his doctor, and exercising his accommodations." *Id.* at 4.

---

[2]The Court "may take judicial notice on its own." FED. R. EVID. 201(c)(1). The Court notes that AMCare refers to on-site "wellness centers" at Amazon locations that provide basic medical care to employees. Amazon Staff, *How Amazon's wellness centers promote a safe and healthy work environment*, AMAZON NEWS (Oct. 5, 2024), https://www.aboutamazon.com/news/workplace/amazon-wellness-centers-onsite-first-aid [https://perma.cc/5NL9-QXZ5].

Next, Hollins alleges that on October 2, 2025, AM Yeager submitted a report that documented Hollins had fifty-five minutes of inactive work time. *Id.* On October 5, John Doe wrote up Hollins for wearing shoe covers provided by Amazon, instead of boots. *Id.* at 5–6. Hollins alleges that John Doe "clearly was discriminating" against Hollins because other employees wore Amazon-provided shoe covers without issue. *Id.* On October 12, 2025, AM Caia wrote up Hollins for forty-six minutes of inactive work time. *Id.* Hollins alleges that these reports were false and "defamed Hollins," and were retaliation for Hollins requesting accommodations. *Id.* at 5. On October 10, 2025, John Doe limited how much time Hollins could spend at AMCare. *Id.* at 7. "After Hollins made a complaint to HR, [John] Doe wrote Hollins up for making inappropriate statements." *Id.* At that time, Hollins learned from HR that "none of his documents and accommodations [were] ever scanned in the system." *Id.*

In November, "John Doe and/or Jane Doe" claimed Hollins was drunk on the job. *Id.* at 8. Hollins took and passed a drug test to prove that he was not drunk. *Id.* Hollins asserts that this accusation was defamatory and retaliatory. *See id.*

In December, Hollins pulled a muscle on the job. *Id.* at 9. Hollins reported the injury to "Management" and AMCare, and John Doe and/or Jane Doe questioned Hollins and acted skeptical. *Id.* Hollins's doctor again prescribed him "lite duty." *Id.* Jane Doe did not permit Hollins to work "lite duty" but allowed another employee to work "lite duty." *Id.* When Hollins reported this to HR, Jane Doe moved Hollins to work "lite duty" in a cold area. *Id.* at 10. A different John Doe did not permit Hollins to use the AMCare bathroom, which Hollins asserts was retaliatory. *Id.*

At some point thereafter, Amazon terminated Hollins. *See id.* at 11. "In January of 2026, Hollins . . . never received an email to appeal his job termination." *Id.*

### 3.3 Analysis

Hollins numbers each incident on this timeline as a separate legal claim. *See id.* Hollins labels these claims as accommodation denial, discrimination, retaliation, and defamation. *Id.* The Court, however, groups his allegations into the legal bases for his claims and will analyze each potential claim in turn.

#### 3.3.1 Disability Discrimination

The ADA prohibits covered entities from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim under the ADA, a plaintiff must allege: "(1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) the adverse job action was caused by his disability." *Monroe v. Indiana Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (quoting *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016)). The ADA defines disability as "(1) 'a physical or mental impairment that substantially limits one or more of the major life activities' of the individual, (2) 'a record of such impairment,' or (3) 'being regarded as having such an impairment.'" *Duncan v. State of Wis. Dep't of Health & Fam. Servs.*, 166 F.3d 930, 935 (7th Cir. 1999) (quoting 42 U.S.C. § 12102(1)). Adverse employment action could be termination, but "may also be smaller: false disciplinary

reports, mistreatment, and the denial of time off can also sometimes qualify." *Klein v. Collins*, No. 23-CV-1231-BHL, 2026 WL 483189, at *4 (E.D. Wis. Feb. 20, 2026) (citing *Huri v. Office of Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015)).

Taking Hollins's allegations as true, Hollins has stated a plausible claim for disability discrimination under the ADA. Hollins asserts that "[d]ue to [his] thigh injury he has a disability within the mean[ing] of the ADA." ECF No. 1 at 2. Hollins asserts that he could work with a lite duty accommodation, as his doctor prescribed. Drawing all inferences in Hollins's favor, Hollins has alleged facts to support that his physical injury substantially limited his ability to work, but he was otherwise qualified to perform the essential functions of the job with a reasonable accommodation. Hollins has alleged multiple potential adverse employment actions, including termination, false disciplinary reports, and mistreatment. At this stage, Hollins has sufficiently alleged a plausible claim for disability discrimination under the ADA.

#### 3.3.2 Retaliation

The ADA prohibits covered entities from discriminating against an employee because he opposed a practice made unlawful by the ADA. *Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 894 (N.D. Ill. 2010) (citing 42 U.S.C. § 12203(a) and 42 U.S.C. § 2000e–3(a)). To state a claim for retaliation under the ADA, "a plaintiff must allege: 1) that he engaged in a statutorily protected activity; 2) that he suffered an adverse employment action; and 3) that there was a causal link between the protected activity and the employer's action." *Id.* (citing *McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997)). "When an employee complains to management that

they believe the employer has engaged in employment discrimination, this communication is protected . . . ." *Id.* (citing *Crawford v. Metro. Gov't. of Nashville*, 555 U.S. 271, 277 (2009)). "Requests for accommodations are likewise statutorily protected." *Id.* (citing *Cassimy v. Bd. of Educ. of Rockford Pub. Schs., Dist. No. 205*, 461 F.3d 932, 938 (7th Cir. 2006)).

At this stage, Hollins has alleged a plausible claim for retaliation under the ADA. Hollins engaged in statutorily protected activity by requesting an accommodation and communicating his concerns that managers were refusing his accommodations or mistreating him because he had requested an accommodation. Hollins alleged multiple potential adverse employment actions. Hollins has also alleged suspicious timing—soon after each incident when Hollins sought an accommodation or raised concern that he was not receiving an accommodation, until he was ultimately terminated. Drawing all inferences in favor of Hollins, specifically the timing of these events, Hollins has alleged sufficient facts to support an inference of a causal link between the protected activity and employer action.

#### 3.3.3 Defamation

Finally, Hollins labels the allegedly false disciplinary reports submitted about him as defamatory. "Defamation is a tort that arises under state law." *Brunner v. McKillip*, 488 F. Supp. 2d 775, 782 (W.D. Wis. 2007) (citing *Paul v. Davis*, 424 U.S. 693, 712 (1976)). Under Wisconsin law, "[a]n actionable claim for defamation requires proof of three elements: (1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or

dealing with him or her." *Kopp v. Sch. Dist. of Crivitz*, 905 N.W.2d 843, ¶ 31 (Wis. Ct. App. 2017) (citing *Schaul v. Kordell*, 773 N.W.2d 454, ¶ 10 (Wis. Ct. App. 2009)).

Here, Hollins has not alleged facts to support an inference that the allegedly false disciplinary reports could lower Hollins in the estimation of the community or could deter third persons from associating with Hollins. Hollins has not alleged that these reports would be accessible to a third-party or the wider community, beyond Amazon. *See Torgerson v. J./Sentinel, Inc.*, 563 N.W.2d 472, ¶ 10 (Wis. 1997) ("The parties agree that there was a communication to third persons."). Accordingly, Hollins cannot proceed on a defamation claim.

However, because it is possible that Hollins may be able to satisfy the elements of a defamation claim, the Court will grant Hollins leave to amend. *See Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022). Specifically, Hollins may proceed by pleading facts to suggest that the allegedly defamatory statements reached a sufficiently broad audience and that the statements lowered Hollins's reputation, such as by ascribing to him conduct that would damage his standing in his trade or profession. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 698 n.6 (7th Cir. 2006) (noting that under Illinois law "statements are sufficiently published for defamation purposes when they are recited in an interoffice document")[3]; Restatement (Second) of Torts § 573 (1977) (Slander may "ascribe[] to another conduct,

[3]The Court notes that the substantive requirements of defamation under Illinois law and Wisconsin law are highly similar as both jurisdictions require (1) falsity, (2) publication, (3) the statement be about the plaintiff, (4) fault, and (5) reputational harm. *See, e.g.*, *Brunner*, 488 F. Supp. 2d at 782; *Ptasznik*, 464 F.3d at 698.

characteristics or a condition that would adversely affect his fitness for the proper conduct of his lawful business, trade or profession."); *see also* Restatement (Second) of Torts § 569, cmt. e. (1977) (noting slander as described in § 573 "is sufficient to support an action . . . if the publication is in libelous form").

#### 3.3.4 Properly Named Defendants

The ADA permits liability against employers, but not individual managers or supervisors. *Jaromin v. Town of Yorktown*, 697 F. Supp. 3d 816, 846 (S.D. Ind. 2023) (citing *Stanek v. St. Charles Comm. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) and *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995)). Hollins named individual employees as defendants, but his ADA claims cannot proceed against these individuals. Accordingly, Am Caia, Am Yeager, John Doe, and Jane Doe must be dismissed as defendants.

## 4. CONCLUSION

As stated above, Hollins is authorized to proceed on a disability discrimination claim under the ADA, and a retaliation claim under the ADA, against Amazon.

Hollins's defamation claim will be dismissed with prejudice for the reasons explained *supra* Section 3.3.3. Should Hollins wish to attempt to amend his pleadings to attempt to state the claims that have been dismissed without prejudice, he shall do so on or before **October 27, 2026**. Any amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Any amended complaint must be complete in and of itself without reference to the original or amended complaints. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*,

70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). If Hollins files an amended complaint, it will become the operative complaint in this matter, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Plaintiff fails to timely file an amended complaint, or files one that fails to comply with Rule 8, this action will proceed solely as to the claims on which Plaintiff has been authorized to proceed herein.

Further, Defendants Am Caia, Am Yeager, John Doe, and Jane Doe are dismissed without prejudice. Hollins's motion for leave to proceed without prepaying the filing fee, ECF No. 2, will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff Emon V. Hollins's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Emon V. Hollins's defamation claim, ECF No. 1 at 7, be and the same hereby is **DISMISSED without prejudice**. Plaintiff may file an amended complaint on or before **October 27, 2026** if he wishes to amend his complaint to correct the deficiencies noted herein; failure to timely do so will result in the case proceeding on only the ADA claims authorized herein; and

**IT IS FURTHER ORDERED** that Defendants Am Caia, Am Yeager, John Doe, and Jane Doe be and the same hereby are **DISMISSED without prejudice** from this action.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.